# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-mj-09114-PCL |
| v. | DETENTION ORDER |
| NELSON OMAR PEREZ, | |
| Defendant. | |

In accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), a hearing to appeal the Magistrate Judge's detention order was held on July 9, 2018, to determine what conditions of release should be set, or whether defendant Nelson Omar Perez should be held in custody pending trial on the grounds that he is a flight risk. At the detention hearing, Assistant United States Attorney Orlando Gutierrez appeared on behalf of the United States and attorney Nora Hirozawa appeared on behalf of Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the defense, and the complaint, the Court concludes the following: (1) the Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance.

# I.

# FINDINGS OF FACT

**A.** *Nature and Circumstances of the Offense Charged, 18 U.S.C. § 3142(g)(1)*

1. Mr. Perez is charged in a complaint with one count of being an alien who unlawfully eluded examination and inspection by immigration officers; in violation of Title 8, U.S.C., Section 1325(a)(2).

2. Defendant was arrested on June 15, 2018 seven miles east of the Calexico West Port of Entry. The government alleges that prior to his arrest, at approximately 10:45 p.m., *via* video surveillance, defendant was observed climbing over a border fence between the United States and the Republic of Mexico. The government alleges that when border officials approached defendant, defendant was hiding in a bush. The government alleges that when border officials came closer, defendant fled from the bush where he had been hiding. The government alleges that following a foot pursuit the defendant was apprehended by border officials. The government alleges that the defendant subsequently admitted to not being a citizen of the United States. The government alleges that the defendant, on or about the time of his apprehension, also did not make any statements to border officials about asylum.

3. If convicted of this charge, Mr. Perez faces a possible maximum sentence of six months in custody.

**B.** *Weight of the Evidence Against Defendant, 18 U.S.C. § 3142(g)(2)*

Although this factor is to be given the least weight, there is probable cause to believe Defendant committed the charged offense.

**C.** *History and Characteristics of Defendant, 18 U.S.C. § 3142(g)(3)*

1. *Character:* There was information presented about Mr. Perez's history and characteristics. Mr. Perez came to the United States to seek asylum after gang members threatened him and his family and destroyed their home in Honduras. There was no evidence presented regarding any prior criminal or immigration history.

2. *Physical and Mental Condition:* There was little or no information presented about Mr. Perez's physical and mental condition.

3. *Family Ties:* There was no evidence presented that Mr. Perez had any family ties in the Southern District of California or the United States. As detailed below, he does have a close tie with a pastor in Philadelphia.

4. *Employment:* There was no evidence presented that Mr. Perez was employed in the Southern District of California or the United States,

5. *Financial Resources:* There was no evidence presented that Mr. Perez has substantial financial assets in the Southern District of California or the United States.

6. *Length of Residence in the Community:* There was no evidence presented that Mr. Perez ever lived in the Southern District of California or the United States.

7. *Community Ties and Past Conduct:* Mr. Perez's pastor, who now resides in Philadelphia, may be able to financially assist him and provide him with a place to live. The defendant met the pastor as an orphan at *Nuestros Pequenos Hermanos*, an orphanage in Honduras where the defendant grew up. The pastor worked closely with the defendant for approximately four years.

8. *History Relating to Drug or Alcohol Abuse:* There was no evidence presented that Mr. Perez had any issues relating to the use or abuse of drugs and/or alcohol.

9. *Criminal History:* There was no evidence presented that Mr. Perez had any criminal history in the United States or Honduras.

10. *Record Concerning Appearance at Court Proceedings and on Probation, Parole or Other Release:* There was no evidence presented that Mr. Perez has ever been required to attend court proceedings.

## II.
## CONCLUSIONS REGARDING DETENTION

Based on the factors set forth in 18 U.S.C. § 3142(g), the Government has satisfied its burden of demonstrating that Mr. Perez is a flight risk and that no condition or

combination of conditions will reasonably assure his appearance at future court proceedings in this case.

## III.
## ORDER

**IT IS HEREBY ORDERED** that Mr. Perez be detained pending trial in this matter.

**IT IS FURTHER ORDERED** that Mr. Perez be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Perez shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Mr. Perez to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: July 12, 2018

_____
Hon. John A. Houston
United States District Judge